IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BOARD OF EDUCATION OF**
**HARMONY SCHOOL DISTRICT NO. 175,**

**Plaintiff,**

**v.**                                                                 **No. 3:12-cv-00313-DRH-DGW**

**COUNTY OF ST. CLAIR, ILLINOIS,**
**et. al.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge**

### I. Introduction and Background

Now before the Court is defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 19) and their memorandum in support of that motion (Doc. 20), arguing that plaintiff does not have standing to bring its complaint. Plaintiff opposes the motion by contending that it does have Article III standing under the Constitution and that prudential standing limitations do not bar its complaint. For the following reasons, the Court grants defendants' motion to dismiss.

Plaintiff school district operates a public school system for kindergarten through eighth grades and is located in St. Clair County, Illinois. It no longer had sufficient enrollment to use its Harmony School building and planned to lease it to an entity that is not a party to this litigation (Abraxas) which intended to provide

special education services to disabled students. The St. Clair County Zoning Department and its Board of Zoning Appeals denied plaintiff's requests to use Harmony School to provide special education services. Plaintiff alleges that due to this denial, students with disabilities are harmed and plaintiff itself has been denied reasonable use of its Harmony School property.

In its complaint, plaintiff alleges that defendants have discriminated against students with disabilities through defendants' denial of plaintiff's requests for a Certificate of Zoning Compliance from the Zoning Department of St. Clair County, Illinois for the intended use to lease space in Harmony School to a provider of special education services for students in grades 6-12 (Doc. 2). Further, plaintiff alleges that because of this denial, it was denied the opportunity to enter the proposed lease agreement with Abraxas for Harmony School, which would have provided one million three hundred thousands in funds to the School District. Count I alleges intentional discrimination under Title II of the Americans with Disabilities Act ("ADA") by the Board of Zoning Appeals. Count II alleges disparate impact discrimination under Title II of the ADA on the face of the St. Clair County Zoning Code. Count III alleges disparate impact discrimination under Title II of the ADA in applying the St. Clair County Zoning Code. Count IV alleges failure to make reasonable accommodations under Title II of the ADA in applying the St. Clair County Zoning Code. Count V alleges intentional discrimination violating Section 504 of the Rehabilitation Act. Count VI alleges disparate impact discrimination violating Section 504 of the Rehabilitation Act in provisions of the St. Clair County Zoning Code. Count VII

alleges disparate impact discrimination violating Section 504 of the Rehabilitation Act in applying the St. Clair County Zoning Code. Count VIII alleges failure to make reasonable modifications violating Section 504 of the Rehabilitation Act in applying the St. Clair County Zoning Code. Count IX alleges denial of equal protection under the Fourteenth Amendment of the U.S. Constitution. Count X seeks judicial review of the administrative decisions pursuant to the Illinois Administrative Review law (735 ILCS 5/3-101 *et seq.*).

Plaintiff filed its complaint on April 16, 2012 (Doc. 2). Defendants filed their motion to dismiss (Doc. 19) and memorandum in support (Doc. 20) on May 21, 2012, arguing that plaintiff's claims should be dismissed since plaintiff lacks standing both under Article III of the Constitution and due to judicially-imposed prudential limitations. Plaintiff filed a response to defendants' motion to dismiss (Doc. 22) on June 25, 2012, rebutting defendants' arguments, and defendants filed their reply (Doc. 23) on July 9, 2012.

## II. Law and Application

### A. PLEADING STANDARD

Defendants' motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to raise as a defense, by motion, a federal court's lack of subject matter jurisdiction over plaintiff's claims. Fed. R. Civ. P. 12(b)(1). The Seventh Circuit has stated that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Bastien v.*

*AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). When a defendant makes this challenge, the plaintiff bears the burden of establishing jurisdiction. The court must "accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (citations omitted). Yet, if necessary, the Court may also look beyond the jurisdictional allegations to evidence outside the pleadings to determine whether federal subject matter jurisdiction exists. *Id.* (citations omitted).

**B.     STANDING REQUIREMENTS**

The standing requirements under Article III of the Constitution are well settled; a plaintiff must allege (1) injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) likely redressability through a favorable decision. *Disability Rights Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*, 522 F.3d 796, 800 (7th Cir. 2008). The injury must be an actual or imminent injury that is concrete and particularized. *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000).

In addition to the constitutional limits on standing, courts also impose prudential limitations on the class of persons who may bring a suit. *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). The Seventh Circuit has found that such limitations include "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a

plaintiff's complaint fall within the zone of interests protected by the law invoked." *Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1059 (7th Cir. 1994) (citing *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984)). Thus, a plaintiff's claim (1) must fall within the zone of interests to be protected or regulated by the statute, (2) must not be a generalized grievance, and (3) must raise his own legal rights and not the rights of some other person.

### C.  ADA AND REHABILITATION CLAIMS

#### 1.  Constitutional Standing

In terms of Article III standing regarding plaintiff's ADA and Rehabilitation Act claims, the parties dispute whether plaintiff suffered an "injury in fact." Defendant claims that plaintiff "purports to bring this case on behalf of a class of individuals with disabilities, namely students with disabilities," but has not alleged it has itself been personally injured in any way (Doc. 20, p. 4). Plaintiff replies that it did suffer an injury in fact, for it has been denied the reasonable use of its Harmony School property, which it had intended to lease to Abraxas, Inc., a provider of special education services (Doc. 22, p. 5). According to the Superintendent of plaintiff school district, plaintiff and Abraxas had begun negotiating a proposed contract for the lease of the property (Doc. 22-1, ¶ 6). However, defendant rebuts the effect of these negotiations by noting that at the time the Zoning Board denied plaintiff's requests, Abraxas had already signed a lease for property in a different location and plaintiff was not in active negotiations to lease its building to any potential user (Doc. 23, ¶¶ 3-4; Doc. 23-1, p. 8, ¶¶ 12-23). The fact that plaintiff did not have any plans to lease

the property to any party does indeed render its alleged injury speculative. Thus, the Court finds plaintiff's alleged injury is not an "injury in fact."

### 2. Prudential limitations

Even if plaintiff had met all the Article III requirements for standing, it still would be precluded from bringing suit by the Seventh Circuit's prudential limitations.

#### a. Zone of Interests

First, plaintiff's claims fall outside the zone of interests protected by Title II of the ADA and the Rehabilitation Act. When analyzing whether the plaintiff has met the "zone of interests" requirement, courts must first determine which interests the statute protects and then decide whether the plaintiff's interests are among the protected interests. *Am. Fed'n of Gov't Emps., Local 2119 v. Cohen*, 171 F.3d 460, 469 (7th Cir. 1999). The Court analyzes plaintiff's ADA and Rehabilitation Act claims together, as "[c]ourts use the same analysis for claims under the Rehabilitation Act and Title II of the ADA." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

Title II states that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. There is no language in Title II that expressly provides that a non-disabled plaintiff may bring a claim on behalf of disabled others.

Section 504 of the Rehabilitation Act proscribes that "[n]o otherwise qualified

individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). As with Title II of the ADA, there appears no language in Section 504 of the Rehabilitation Act that expressly allows a non-disabled plaintiff to raise claims for disabled others.

The Seventh Circuit has noted that generally the protections of the ADA apply only to a "qualified individual with a disability." *Murdock v. Washington*, 193 F.3d 510, 512 (7th Cir. 1999). Although the Seventh Circuit has not ruled on the matter, some district courts within the Seventh Circuit have held that the ADA allows non-disabled individuals to bring claims of discrimination based on their association with disabled individuals. 28 C.F.R. § 35.130; *see also Baaske v. City of Rolling Meadows*, 191 F.Supp.2d 1009, 1015 (N.D. Ill. 2002); *Oak Ridge Care Ctr. v. Racine Cnty.*, 896 F.Supp. 867, 872 (E.D. Wis. 1995); *Hale v. Pace*, 2011 WL 1303369, at *4 (N.D. Ill. Mar. 31, 2011). Courts have also held that associational discrimination claims may be brought under the Rehabilitation Act. *Hale*, 2011 WL 1303369, at *4 (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279-80 (2d Cir. 2009)). This judicial district has not addressed this issue. However, the Northern District of Illinois has held that organizations that serve disabled persons may sue public entities under Title II of the ADA to assert claims that the public entity discriminated against the organization based upon its association with

disabled persons. *Baaske*, 191 F.Supp.2d at 1015 (citing *Access Living of Metro. Chicago v. Chicago Trans. Auth.*, 2001 WL 492473, at *3 (N.D. Ill. May, 9, 2001)). Further, the Northern District of Illinois has held that non-disabled plaintiffs may sue public entities under Title II of the ADA as long as those plaintiffs allege: (1) a relationship or association with a disabled person, and (2) "some specific, separate, and direct injury" that the plaintiff has suffered as a result of his association with the disabled individual. *Baaske*, 191 F.Supp.2d at 1016 (quoting *Micek v. City of Chicago*, 1999 WL 966970, at *3 (N.D. Ill. Oct. 4, 1999)).

Here, plaintiff is not an organization that serves disabled persons, nor does it assert that it is, and thus any ruling made by other courts regarding such an organization is irrelevant. Moreover, plaintiff does not assert that it has a relationship with the disabled students who are allegedly harmed by defendants' actions. Although there may have been the potential for the plaintiff to provide property for the provision of special education services by another entity, there is nothing in the complaint that supports that plaintiff has ever had a relationship with the disabled students it alleges are harmed. Indeed, such students were only ever potential students of plaintiff's, and they have never been and are not currently in association with plaintiff.

The Court thus finds plaintiff's claims fall outside the statutes' zone of interests.

### b. Third Party Claims

Another well-established prudential-standing limitation is the principle that a

litigant cannot sue in federal court to enforce the rights of third parties. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008). However, the Supreme Court has held that a person may litigate another's rights in his own cause so long as three criteria are satisfied: (1) the litigant must have suffered an injury in fact, (2) the litigant must have a close relationship between himself and the injured party, and (3) there must exist some hindrance to the third party's ability to protect his or her own interest. *Marin-Garcia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011) (citing *Powers v. Ohio*, 499 U.S. 400, 410-11, 415, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)).

As discussed above, the Court finds that plaintiff has not suffered an injury in fact. Moreover, even if plaintiff had suffered an injury in fact, there has been no indication that plaintiff has a "close relationship" between itself and the disabled students who were allegedly harmed. Again, these disabled students were merely potential students who could have been educated on plaintiff's property had plaintiff's negotiations with Abraxas succeeded and had the defendants approved plaintiff's zoning requests. Since neither of those events happened, however, there never existed a relationship, let alone a close one, between plaintiff and disabled students.

Therefore, the Court finds plaintiff does not meet the Supreme Court's requirements for superseding the rule that it cannot assert the rights of others to provide the basis for its claims.

**D.     EQUAL PROTECTION CLAIM**

Plaintiff lacks standing to bring its equal protection claim pursuant to both the prudential standing limitations imposed by the Seventh Circuit and the precedent set by the United States Supreme Court. As mentioned above, the Seventh Circuit recognizes a prudential standing limitation that bars adjudication of generalized grievances. *Family & Children's Center, Inc.*, 13 F.3d at 1059. Further, the Supreme Court has noted that "[t]he rule against generalized grievances applies with as much force in the equal protection context as in any other. *United States v. Hays*, 515 U.S. 737, 743, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Even if a governmental actor is discriminating, "the resulting injury 'accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct.'" *Id.* at 743-44 (quoting *Allen v. Wright*, 468 U.S. 737, 755, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).

Plaintiff has not been personally denied equal treatment by the defendants' decisions. Thus, plaintiff's claim is merely a generalized grievance and is therefore insufficient to provide plaintiff standing to bring its equal protection claim.

### E.  REQUEST FOR JUDICIAL REVIEW

Defendants ask the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claim for request for judicial review pursuant to 28 U.S.C. § 1367(c)(3). Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim... if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When determining whether to retain jurisdiction over state law claims, the district court has broad

discretion and considers comity, judicial economy, convenience and fairness to the parties. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The general rule is that where the federal claims are dismissed, the factors indicated in *Gibbs* require the dismissal of state claims. *Wright v. Associated Ins. Co.*, 29 F.3d 1244 (7th Cir. 1994). The federal district court's retention of state law claims is warranted only in unusual circumstances when (1) the statute of limitations has expired on the state law claim, (2) substantial judicial resources have been expended, or (3) it is entirely clear how the state claims will be decided. *Id.* at 1251.

As none of these rare circumstances exist in the present case, the Court, within its broad discretion, declines to exercise supplemental jurisdiction over plaintiff's claim for request for judicial review. Thus, this claim is also dismissed.

### III. Conclusion

For the foregoing reasons, the Court pursuant to Rule 12(b)(1), Court **GRANTS** defendants' motion to dismiss (Doc. 19) and **DISMISSES** plaintiff's cause of action for lack of standing. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

**Signed this 25th day of October, 2012.**

Digitally signed by David R. Herndon
Date: 2012.10.25 13:20:00 -05'00'

**Chief Judge**
**United States District Court**